Dear Mr. McConnell:
You have requested the opinion of this office as to whether funds paid by the insurer of the Moore School in Minden to the Webster Parish School Board, as a result of the school's destruction, may be used to purchase equipment and building repair for other schools in the district, as opposed to using these proceeds to rebuild the Moore School. It is the opinion of this office that the School Board is not required to use these funds to rebuild the destroyed school, and may use the insurance proceeds to fund other schools in the district.
LSA-R.S. 33:3061 et seq. provides for the acquisition of insurance by municipalities, parishes, and school boards. R.S.33:3062 provides in part that:
 The governing authority of any municipality, parish, school board, or interlocal risk management agency . . . may contract for any type of insurance protection for itself or its officers and employees including self insurance or shared risk programs.
This Part does not, however, express any legislative intent as to the purposes to which insurance proceeds derived from paid claims may be dedicated.
Nor does LSA-R.S. 17:81(H) provide any guidance in this matter. Section 81(H) reads in pertinent part:
 City and parish school boards have the power to recover for any damage that may be done to the property in their charge; they may change the location of a school house, sell or dispose of the old site, or of any site which for any reason can no longer be used or which is unused and unnecessary or unsuitable as such, and use the proceeds thereof for procuring a new one.
LSA-R.S. 17:81(H) places no limitations on the use of insurance proceeds recovered by a school board on account of damage to its property. A plain reading of Section 81(H) indicates that the phrase requiring school boards to "use the proceeds thereof for procuring a new [school]" refers to the proceeds derived from the sale of an old school site, and not to proceeds recovered as a result of damage to, or destruction of, a school or school board property.
The undersigned can find no authority which expressly or implicitly limits the uses to which proceeds derived from an insurance policy covering a school building which has been damaged or destroyed may be dedicated. Therefore, notwithstanding any limitations on the disposition of proceeds contained in the insurance policy itself, a school board may use insurance proceeds collected as the result of the destruction of an insured school for such purposes as the purchase of equipment for the benefit of existing schools in the district.
Although no recent opinions of this office have addressed this specific issue, an opinion dated March 8, 1943 is directly on point. In that opinion, the Attorney General summarized the methods for determining proper disposition of insurance proceeds collected as the result of the fire destruction of an insured school building. This opinion stated in part that:
 If the school board decides not to construct a new building in place of the one destroyed by fire, the proceeds of the insurance policy should be deposited in the proper sinking fund of the district and used for the retirement of the bonds from the sale of which the building was constructed.
 If the building was constructed from the general school fund of the parish, the insurance money should be deposited in that general fund.
This opinion clearly contemplates that the decision of whether to use insurance proceeds to build a replacement school is within the discretion of the school board, based on the circumstances of the individual case. (Op. Atty. Gen. 1942-44, p. 1440, is in agreement with this opinion on the issue of the retirement of outstanding bonded indebtedness of the school district using insurance proceeds.)
This office suggests using the above cited opinion as a general guide to the disposition of insurance proceeds, while reiterating that there is no statutory or jurisprudential authority which either requires that such insurance proceeds be used to construct a replacement school, or which forbids the use of these proceeds for the support of existing schools in the district.
I hope this opinion sufficiently addresses your concerns. If, I can be of further assistance, please don't hesitate to call.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC/0750l